IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60821
Summary Calendar
_____


MARY MILLER,

                                        Plaintiff-Appellant,

                      versus

PASCAGOULA MUNICIPAL
SEPARATE SCHOOL SYSTEM,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
_____
June 7, 2001
Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Mary Miller appeals the district court's summary judgment

dismissal of her 42 U.S.C. § 2000(e) et seq (Title VII) employment

discrimination claim against appellee Pascagoula Municipal Separate

School District on the basis of race and sex.  Because the facts

underlying Miller's discrimination claims were adjudicated by a

state agency and reviewed by a state court of competent

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

jurisdiction, we find that the district court did not err in its determination that Miller was collaterally estopped from pursuing her Title VII claim in federal court.

Under Kremer v. Chemical Construction Co., 456 U.S. 461, 466-67 (1982), and University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986), factual determinations made by state administrative agencies carry preclusive weight in a subsequent federal suit when the parties have had an adequate opportunity to litigate those issues. Miller initially presented her claims in a hearing before the Pascagoula School Board, during which she was represented by counsel and allowed to present evidence. After an unfavorable result, Miller appealed the decision to a State Chancery Court. Reviewing the School Board's findings, that tribunal also determined that Miller's discrimination allegations were unfounded and that the school had fired her because of performance deficiencies. The Chancery Court specifically found that no violation of Title VII, or any other statutory or constitutional discrimination violation, had occurred. Because Miller's allegation of discrimination in her firing was assessed by a state administrative agency and reviewed by a competent state court, her Title VII suit in federal court premised upon these same set of facts is barred. Elliott, 478 U.S. at 799.

Miller fails to present any valid argument as to why Kremer and Elliott are not controlling in this case. Her assertion that

2

the Pascagoula School Board is not a state administrative agency for res judicata purposes is foreclosed by Levitt v. UTEP, 847 F.2d 221, 227 (5th Cir. 1988) (noting that "the findings of the university tribunal" were "reviewed administrative findings"). Furthermore, contrary to Miller's assertion, the Levitt court also found that a plaintiff can be collaterally estopped despite the fact that a right to sue letter was not issued at the time the state or federal court reviewed the administrative findings. Id. at 224-25. In addition, Miller's argument that the Jackson County Chancery Court is not a competent court to review the school board's findings because it is not a federal court is unsupported by the case law. See Kremer, 456 U.S. 461, 466.

As a final matter, Miller claims that the issues decided by the Chancery Court did not involve her Title VII claims and, therefore, those findings should have no preclusive effect upon her federal discrimination suit. We disagree. The school board determination, reviewed by the state court, addressed the reasons for her firing and rejected her discrimination claim, which she specifically raised before both tribunals.

Based on the foregoing reasons, the judgment of the district court is

A F F I R M E D

3